# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOSHUA MURRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS,<br><br>Defendant. | Case No. 2:22-cv-11107-SFC-DRG<br><br>Hon. Sean F. Cox<br>Mag. David R. Grand |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff Joshua Murray respectfully moves this Court to grant his Motion for Leave to Amend. Specifically, Plaintiff requests that the Court grant him leave, pursuant to Fed. R. Civ. P. 15, to amend his First Amended Class Action Complaint ("FAC") and file the attached Proposed Second Amended Class Action Complaint, which adds an additional allegation, but is otherwise substantially identical to the First Amended Complaint. In accordance with Local Rule 7.1(a), Plaintiff has made contact with counsel for Defendant and has ascertained that Defendant National Association of Realtors will not consent to this motion.

For the reasons discussed in the accompanying brief, Plaintiff believes that he may stand on the allegations of the operative FAC—as Defendant's sale of subscriptions is already properly before the Court. Out of an abundance of caution though, Plaintiff files this Motion.

Dated: January 17, 2023

Respectfully submitted,

**JOSHUA MURRAY**,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)

2

BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOSHUA MURRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS,<br><br>Defendant. | Case No. 2:22-cv-11107-SFC-DRG<br><br>Hon. Sean F. Cox<br>Mag. David R. Grand |

## <u>MEMORANDUM OF LAW IN SUPPORT OF<br>PLAINTIFF JOSHUA MURRAY'S MOTION FOR LEAVE TO AMEND</u>

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether this Court should grant Plaintiff leave to amend the First Amended Complaint pursuant to Fed. R. Civ. P. 15?

   **Plaintiff's Answer:  Yes.**

## CONTROLLING AND MOST IMPORTANT AUTHORITY

**UNITED STATES SUPREME COURT CASES:**

*Foman v. Davis*,
  371 U.S. 178 (1962) ...................................................................................6

**UNITED STATES COURT OF APPEALS CASES:**

*Duggins v. Steak 'N Shake, Inc.*,
  195 F.3d 828 (6th Cir. 1999) ...................................................................10

*Moore v. City of Paducah*,
  790 F.2d 557 (6th Cir. 1986) ...............................................................6, 10

**UNITED STATES DISTRICT COURT CASES:**

*Kittle v. America's Test Kitchen LP*,
  2019 WL 6496596 (E.D. Mich. Dec. 3, 2019)......................................... 7, 9, 10

*Thiel v. Baby Matters, L.L.C.*,
  2013 WL 5913394 (E.D. Mich. 2013) ....................................................6

**OTHER AUTHORITIES:**

Fed. R. Civ. P. 15 .....................................................................................5

# **TABLE OF CONTENTS**

**PAGE(S)**

STATEMENT OF ISSUES PRESENTED.................................................................. ii

CONTROLLING AND MOST IMPORTANT AUTHORITY ............................... iii

TABLE OF CONTENTS...................................................................................... iv

TABLE OF AUTHORITIES ................................................................................v

BACKGROUND ...............................................................................................1

PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT .......................5

LEGAL STANDARD.........................................................................................5

ARGUMENT .....................................................................................................6

    I.    JUSTICE REQUIRES THAT LEAVE TO AMEND BE
        GRANTED .........................................................................................6

    II.    PLAINTIFF HAS PROMPTLY SOUGHT LEAVE
        TO AMEND .......................................................................................9

    III.    DEFENDANT WILL NOT SUFFER SUBSTANTIAL OR UNDUE
        PREJUDICE ....................................................................................10

    IV.    NO OTHER REASON SUPPORTS DENYING LEAVE TO
        AMEND ..........................................................................................11

      A.  The Proposed SAC Is Not Futile.......................................................11

      B.  Plaintiff Has Not Acted In Bad Faith Or With Dilatory Motive.........12

CONCLUSION ................................................................................................13

iv

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**Cases**

*Aguilar v. Boulder Brands, Inc.*,
  2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ......................................................13

*Boelter v. Hearst Commc'ns, Inc.*,
  192 F. Supp. 3d 427 (S.D.N.Y. 2016) ...............................................................12

*Boelter v. Hearst Commc'ns, Inc.*,
  269 F. Supp. 3d 172 (S.D.N.Y. 2017) .................................................................8

*Chaz Constr., LLC v. Codell*,
  137 F. App'x 735 (6th Cir. 2005) .......................................................................6

*Cutsinger v. Humphrey*,
  2015 WL 6750786 (E.D. Mich. Nov. 5, 2015) ...................................................10

*Duggins v. Steak N' Shake, Inc.*,
  195 F.3d 828 (6th Cir. 1999) ............................................................................10

*Elite Int'l Enter., Inc. v. Patton Wallcoverings, Inc.*,
  2013 WL 12182285 (E.D. Mich. Nov. 4, 2013) .................................................11

*Foman v. Davis*,
  371 U.S. 178 (1962) ...........................................................................................6

*Hahn v. Star Bank*,
  190 F.3d 708 (6th Cir. 1999) ..........................................................................5, 6

*Horton v. GameStop, Inc.*,
  380 F. Supp. 3d 679 (W.D. Mich. 2018) ...........................................................12

*In re Rospatch Sec. Litig.*,
  1991 WL 352423 (W.D. Mich. Nov. 13, 1991) ...................................................6

*Keely v. Dep't of Veterans Affairs*,
  2011 WL 824493 (E.D. Mich. Mar. 3, 2011) ......................................................6

*Kittle v. America's Test Kitchen LP*,
  2019 WL 6496596 (E.D. Mich. Dec. 3, 2019) .......................................... 7, 9, 10

*Lin v. Crain Commc'ns Inc.*,
  2020 WL 248445 (E.D. Mich. Jan. 16, 2020) .............................................. 11, 12

*Little Caesar Enters., Inc. v. Smith*,
  172 F.R.D. 236 (E.D. Mich. 1997) .....................................................................7

*Marks v. Shell Oil Co.*,
  830 F.2d 68 (6th Cir. 1987) ...............................................................................6

*McCluskey v. Belford High School*,
  2011 WL 13208802 (E.D. Mich. July 8, 2011) .................................................11

*Moeller v. Am. Media, Inc.*,
  235 F. Supp. 3d 868 (E.D. Mich. 2017) ............................................................12

*Moore v. City of Paducah*,
   790 F.2d 557 (6th Cir. 1986) ............................................................6, 10
*Morse v. McWhorter*,
   290 F.3d 795 (6th Cir. 2002) .................................................................9
*Murry v. Am. Mortg. Banc, Inc.*,
   2004 WL 1941271 (N.D. Ill. Aug. 26, 2004) ................................7, 11
*Perlin v. Time Inc.*,
   237 F. Supp. 3d 623 (E.D. Mich. 2017) ............................................12
*Pratt v. KSE Sportsman Media, Inc.*,
   586 F. Supp. 3d 666 (E.D. Mich. 2022) ............................................12
*Simmons v. Crossroads Bank*,
   533 B.R. 895 (N.D. Ind. 2015) .............................................................7
*Thiel v. Baby Matters, L.L.C.*,
   2013 WL 5913394 (E.D. Mich. Oct. 31, 2013) ..................................6
*Ziegler v. Aukerman*,
   512 F. 3d 777 (6th Cir. 2008) ...............................................................9

**Rules**

Fed. R. Civ. P. 15(a)................................................................................5

On January 9, 2023, the Court issued its Order Regarding Pending Motion to Dismiss, directing Plaintiff to file a motion for leave to file an amended complaint by January 17, 2023 if Plaintiff wished for this Court to consider the additional factual assertions included in its response brief to Defendant's motion to dismiss. ECF No. 27. The Court's Order concerns an additional allegation regarding the sale price of Defendant's *Realtor* magazine to non-members. *Id.*

For the reasons articulated below, Plaintiff believes that he may stand on the allegations of the operative FAC as Defendant's sale of subscriptions is properly before the Court. Out of an abundance of caution though, Plaintiff has filed these papers.

Defendant National Association of Realtors ("NAR") was contacted about the Proposed SAC and opposes this motion and objects to this Court's consideration of additional facts asserted in Plaintiff's brief that were not included in the FAC.

## <u>BACKGROUND</u>

On May 20, 2022, Plaintiff initiated this action by filing the Class Action Complaint. ECF No. 1. The Complaint alleged, in pertinent part, that Defendant was "engaged in the business of selling at retail . . . written materials" – namely, *Realtor* magazine – including by selling subscriptions to that magazine directly to Plaintiff and Class members when they enrolled as members of the National Association of Realtors. ECF No. 1, PageID.3, 8.

1

On October 11, 2022, in response to a motion to dismiss the Complaint filed by Defendant, Plaintiff filed the operative First Amended Complaint (ECF No. 18 ("FAC")). The FAC alleged, in pertinent part, that Defendant was "engaged in the business of selling at retail . . . written materials" – namely, *Realtor* magazine – including by selling subscriptions to that magazine directly to Plaintiff and Class members for $6.00 when they enrolled as members of the National Association of Realtors, and attached as exhibits documents demonstrating that each NAR member who subscribed to *Realtor* magazine in 2016 (including Plaintiff) paid a "yearly subscription price" of $6.00 for his or her *Realtor* magazine subscription. *See* FAC, Ex. E.

On October 25, 2022, Defendant filed a motion to dismiss the FAC. ECF No. 20. The motion to dismiss states, in pertinent part, that "NAR provided [Realtor] magazine solely as a free member benefit" *Id.* at 3, PageID.1190. However, the motion to dismiss also attached as an exhibit the declaration of Colleen Doyle, in which Ms. Doyle states, in pertinent part, that "[i]n 2016, only eight nonmembers of NAR with Michigan addresses—all businesses—*paid* to receive REALTOR® Magazine by mail." ECF No. 20-2 at 3, PageID.1216 (emphasis added).

On November 15, 2022, Plaintiff filed a response in opposition to Defendant's motion to dismiss the FAC. ECF No. 22. Plaintiff's opposition to the motion to dismiss the FAC points out that Defendant "sells its magazine to non-members for

$56.00 per year" (*id.* at 11, PageID.1290), so "Plaintiff could not have subscribed to

*Realtor* magazine without paying for it – either by paying the $6.00 'yearly

subscription fee' included as part of his NAR membership dues or by paying $56.00

per year for a subscription as a non-member." *Id.* at 7, PageID.1286 (citing "Realtor

Magazine Services" page of NAR's website, accessed Nov. 12, 2022, accessible at

https://www.nar.realtor/magazine/services ("Nonmember subscriptions, U.S. only:

$56")).  Plaintiff also requested in a footnote leave to amend to add the allegation

that Defendant sells the publication for $56.00 to non-members "[t]o the extent the

Court finds this material for purposes of decision the Motion[.]" *Id.* at 11 n.3.

On January 9, 2023, the Court issued the "Order Regarding Pending Motion

to Dismiss." ECF No. 27. The Court's Order states, in pertinent part:

> In Plaintiff's response to [Defendant's] motion [to dismiss
> the FAC] he references Defendant's website and asserts
> that Defendant sells subscriptions to the magazine at issue
> in this case to non-members at the price of $56.00. (Pl.'s
> Br. at 7). Plaintiff's brief states 'To the extent the Court
> finds this material for purposes of deciding the Motion,'
> 'Plaintiff respectfully requests leave to amend the
> complaint to add an allegation that Defendant sells the
> publication for $56.00 to non-members.'

ECF No. 27 at 1, PageID.1359 (citing ECF No. 22 at 18 n.3). The Court's Order

noted that Defendant, in its reply brief, "expressly objects to this Court's

consideration of additional facts asserted in Plaintiff's brief, that were not included

in the FAC" (*Id.* at 1-2, PageID.1359-1360 (citing ECF No. 24 at 5 n.4)), and

directed Plaintiff to "file a motion seeking leave to file another amended complaint

. . . [by] no later than January 17, 2023" "if Plaintiff wishes this Court to consider

the additional factual assertions included in its response brief, or any other new

allegations[.]" *Id*. at 2, PageID.1360.

In light of the sworn declaration made by Ms. Doyle, submitted by Defendant

as Exhibit 1 to its motion to dismiss the FAC, in which Ms. Doyle admits that

Defendant sold subscriptions to nonmembers of NAR in Michigan in 2016 (*see* ECF

No. 20-2 at 3, PageID.1216), Plaintiff now believes, upon further review of the

Doyle declaration, that the fact that Defendant sold *Realtor* magazine subscriptions

to nonmembers in Michigan during the relevant pre-July 31, 2016 time period is

*already* properly before the Court and may be considered in resolving the pending

motion to dismiss, and that additional allegations by Plaintiff regarding the specific

amount of money paid by nonmembers in exchange for those subscriptions (as

Plaintiff initially proposed adding by way of an amendment in his response to the

motion, *see* ECF No. 22 at 11, 25, PageID.1290, 1304) are simply unnecessary.

Specifically, Plaintiff does not consider the *amount* of money that nonmembers paid

to Defendant in exchange for their subscriptions to have any possible relevance to

any of the issues raised in Defendant's pending motion to dismiss, as, again,

Defendant itself stated that it sold subscriptions.

For these reasons, Plaintiff believes that he may stand on the allegations of

the operative FAC as Defendant's sale of these subscriptions in the manner described above is properly before the Court. As noted above though, Plaintiff moves here for leave to file an amended complaint out of an abundance of caution.

## PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT

Plaintiff Murray maintains that the Defendant sells its publication to non-members, for the price of $56.00. Pl's MTD Resp. Br. at 11 n.3, ECF No. 22, PageID.1290. Defendant itself acknowledges such sales to non-members. ECF No. 20-2 at 3, PageID.1216. The Proposed Second Amended Complaint ("SAC") merely seeks to include an additional allegation stating the amount paid in such sales of *Realtor* magazine. SAC attached as **Exhibit 1** hereto. The SAC is otherwise substantively identical to the First Amended Complaint.

For the following reasons, the Court should permit this amendment.

## LEGAL STANDARD

"Rule 15(a) of the Federal Rules of Civil Procedure explicitly states that leave to amend a pleading should be 'freely given when justice so requires.'" *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). "[I]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should,

as the rules require, be 'freely given.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Federal Rule of Civil Procedure 15(a) has a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Thiel v. Baby Matters, L.L.C.*, 2013 WL 5913394, at *2 (E.D. Mich. Oct. 31, 2013) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). Thus, "[t]o deny a motion for leave to amend, the court must find at least some significant showing of prejudice to the opponent." *Keely v. Dep't of Veterans Affairs*, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). "In determining whether a motion to amend should be granted, the facts pleaded are taken as true." *Id.* (citing *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 739-40 (6th Cir. 2005)).

## **ARGUMENT**

### I.   **JUSTICE REQUIRES THAT LEAVE TO AMEND BE GRANTED**

"Rule 23 of the Federal Rules of Civil Procedure vests the trial court with the authority and responsibility of protecting many interests of a plaintiff class and its absent members." *In re Rospatch Sec. Litig.*, 1991 WL 352423, at *2 (W.D. Mich. Nov. 13, 1991). For example, in class actions, it is common practice to allow the addition or substitution of new class representatives "where, although the current named representatives are inadequate, adequate representatives are known and

6

available as substitutes." *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 244 n.3 (E.D. Mich. 1997); *Kittle v. America's Test Kitchen LP*, 2019 WL 6496596, at *1 (E.D. Mich. Dec. 3, 2019) (finding "justice requires permitting [plaintiff] to amend his complaint" in a PPPA case where "[b]oth parties have suggested [plaintiff] may not be an adequate class representative").

In addition to allowing plaintiffs to amend their complaints to add or substitute parties, district courts have also granted leave to amend complaints to add allegations much like the one sought in the instant case. For example, in *Murry v. Am. Mortg. Banc, Inc.*, the plaintiffs sought leave to file a second amended complaint under three circumstances and the Court granted plaintiffs leave to amend the complaint related to adding allegations relevant to their Consumer Fraud Act claim because the new allegations "merely seek[] to elaborate on the previously-alleged conduct that allegedly violated the Consumer Fraud Act, and the motivation for that conduct." 2004 WL 1941271, at *6 (N.D. Ill. Aug. 26, 2004). The court in deciding to grant leave in *Murry* noted that the defendants would not need to do any additional discovery in response to the new allegations. *Id.*

Another rationale for allowing plaintiffs leave to amend their complaints is "to ensure that all involved have a similar understanding of what is and is not at issue." *Simmons v. Crossroads Bank*, 533 B.R. 895, 902-03 (N.D. Ind. 2015) (where court found "no reason to disrupt the bankruptcy court's decision to grant leave"

7

where it wanted "to ensure that all involved have a similar understanding of what is and is not at issue").

In Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("MTD"), Defendant argued that Plaintiff Murray lacks standing to pursue his claims and asserted that he failed to state a claim. ECF No. 20. Under the PPPA, a Plaintiff must show, among other things, that "Defendant engaged in the business of selling magazines at retail" and "Plaintiff purchased the magazine from Defendant." *Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 200 (S.D.N.Y. 2017). Here, Defendant argues that Plaintiff Murray received *Realtor Magazine* as a "Membership Benefit," and accordingly did not "purchase" the magazine from Defendant. *See* ECF No. 20, PageID.1199. Similarly, Defendant argues that it is not engaged in the business of selling magazines at retail. *Id.* at PageID.1202-1204. However, as noted above, Defendant's own sworn declaration admits as much. ECF No. 20-2 at 3, PageID.1216 (admitting sale of *Realtor* magazine to nonmembers). And this declaration puts the issue of sale by Defendant to nonmembers in Michigan during the relevant time period properly before the Court.

The Proposed SAC, though not necessary, bolsters Plaintiff's showing that Defendant is engaged in the business of selling magazines at retail by providing the precise amount paid in the sales that Defendant acknowledges. The Proposed SAC simply adds an allegation that Defendant on its website sells *Realtor Magazine*

subscriptions for $56 to non-members. In other words, amendment would promote judicial efficiency and would protect the interests of the putative class that Mr. Murray seeks to represent. Justice therefore requires that Plaintiff be granted leave to amend the complaint.

## II.    PLAINTIFF HAS PROMPTLY SOUGHT LEAVE TO AMEND

"Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Id.* Indeed, "delay alone, regardless of its length is not enough to bar it if the other party is not prejudiced." *Ziegler v. Aukerman*, 512 F. 3d 777, 786 (6th Cir. 2008).

Here, Defendant first informed Plaintiff of his potential standing issues in its Motion to Dismiss, which was filed on October 25, 2022. On January 8, 2023, this Court filed its Order Regarding Pending Motion to Dismiss ("Order") (ECF No. 27) and Plaintiff Murray has promptly moved to add a new allegation on January 17, 2023, the date ordered by the Court in its Order. This does not constitute undue delay. *See Kittle*, 2019 WL 6496596, at *1 (granting leave to amend where plaintiff "first became aware of his potential standing issues during a September 10, 2019 scheduling conference" and "did not engage in undue delay by taking approximately 30 days to identify additional potential class representatives and file a motion for

9

leave to amend his pleading").

## III.    DEFENDANT WILL NOT SUFFER SUBSTANTIAL OR UNDUE PREJUDICE

"To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak N' Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore*, 790 F.3d at 562). "'Prejudice' in the context of Rule 15 means more than the inconvenience of having to defend against a claim. It requires something more substantial." *Cutsinger v. Humphrey*, 2015 WL 6750786, at *2 (E.D. Mich. Nov. 5, 2015) (citation omitted). Courts have generally found prejudice only where discovery has closed at the time of amendment *and* Plaintiff offers no reason for failing to amend earlier. But even "the close of discovery has not been in itself enough to demonstrate prejudice." *Id.* (granting leave to amend "less than two months after the depositions [had been completed], and only a day after the close of discovery").

Here, Plaintiff Murray seeks to amend the First Amended Complaint before the initial scheduling conference. Further, Plaintiff Murray is asserting the exact same claim—violation of the PPPA and unjust enrichment but is merely adding additional allegations that will require no new discovery. This does not constitute undue prejudice. *See, e.g.*, *Kittle*, 2019 WL 6496596, at *1 (finding no prejudice to defendant where plaintiff sought "to add two new named Plaintiffs" and the "factual and legal allegations in the proposed Amended Complaint are largely the same as

10

those included in the original Complaint"); *McCluskey v. Belford High School*, 2011 WL 13208802, at *3 (E.D. Mich. July 8, 2011) (finding no prejudice where plaintiff sought to substitute one class representative with another and add a second class representative).

Indeed, in *Murry v. Am. Mortg. Banc., Inc.*, the court faced similar facts to our case: a situation where the plaintiffs asked leave to add <u>not</u> a new claim or a new class representative, but merely a new allegation. The court in *Murry* found "no prejudice to the defendants from the addition of these new allegations concerning the theory for the alleged fraudulent conduct" and accordingly granted the plaintiffs "leave to file the proposed third amended complaint containing those additional allegations." 2004 WL 1941271, at *7.

## IV.   NO OTHER REASON SUPPORTS DENYING LEAVE TO AMEND

### A.   The Proposed SAC Is Not Futile

"[T]he standard for determining whether to deny leave to amend based on futility of amendment in the Sixth Circuit is the same standard that is used for a Rule 12(b)(6) motion to dismiss." *Elite Int'l Enter., Inc. v. Patton Wallcoverings*, *Inc.*, 2013 WL 12182285, at *2 (E.D. Mich. Nov. 4, 2013). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lin v. Crain Commc'ns Inc.*, 2020 WL 248445, at *3 (E.D. Mich. Jan. 16, 2020) (internal quotations omitted). "A claim is plausible where the

facts allow the Court to infer that the defendant is liable for the misconduct alleged." *Id*. The Court must also "construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff." *Id*.

Here, the Proposed SAC would not be futile. The sale of *Realtor* by Defendant to nonmembers has already been put before the Court by Defendant. ECF No. 20-2, PageID.1216. Plaintiff's new allegation simply details the price of such sales. It would also rebut Defendant's arguments that Plaintiff did not purchase a subscription to *Realtor* magazine from it, and that it does not sell magazines at retail. Moreover, numerous courts have denied motions to dismiss in similar PPPA cases. *See, e.g.*, *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 678 (E.D. Mich. 2022) (denying motion to dismiss on substantially identical allegations); *Lin*, 2020 WL 248445, at *6 (same); *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 626 (E.D. Mich. 2017) (same); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 870 (E.D. Mich. 2017) (same); *Horton v. GameStop, Inc.*, 380 F. Supp. 3d 679, 681 (W.D. Mich. 2018) (same); *Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 453-54 (S.D.N.Y. 2016) (same). Thus, Plaintiff's Proposed SAC is not futile.

### B.   Plaintiff Has Not Acted In Bad Faith Or With Dilatory Motive

"Defendant has the burden of establishing that Plaintiff's proposed amendment is made in bad faith." *Aguilar v. Boulder Brands, Inc.*, 2014 WL

4352169, at *4 (S.D. Cal. Sept. 2, 2014). Defendant cannot meet this burden. When Plaintiff Murray filed the complaint, he alleged, and continues to allege, that he was a subscriber to *Realtor Magazine* during the class period. Right after Plaintiff Murray received the Court's Order, he acted promptly by seeking to add relevant additional allegations. The proposed allegation that the Defendant sells its publication for $56 to non-members on its website seeks to elaborate on the previously alleged conduct by Defendant that violated the PPPA. Again, this allegation merely states the precise amount and Defendant has already acknowledged engaging in this conduct. Thus, Plaintiff Murray has properly moved to amend the complaint in good faith.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court grant his request for leave to file the Proposed SAC.

Dated: January 17, 2023                 Respectfully submitted,

                                        **JOSHUA MURRAY**,

                                        /s/ *E. Powell Miller*
                                        E. Powell Miller (P39487)
                                        Sharon S. Almonrode (P33938)
                                        THE MILLER LAW FIRM, P.C.
                                        950 W. University Drive, Suite 300
                                        Rochester, MI 48307
                                        Tel: 248-841-2200
                                        epm@millerlawpc.com
                                        ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I, E. Powell Miller, an attorney, hereby certify that on January 17, 2023, I

served the above and foregoing Plaintiff's Motion For and Brief in Support of

Leave to Amend on all counsel of record by filing it electronically with the Clerk

of the Court using the CM/ECF system.

*/s/ E. Powell Miller*
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com